IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRENDA L. MORGAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL NO. 05-0499-WS-B |
| | ) |
| NORTH MISSISSIPPI MEDICAL | ) |
| CENTER, INC., | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

This matter is before the Court on defendant North Mississippi Medical Center, Inc.'s Motion to Reconsider (doc. 21).  Defendant asserts that the undersigned's Order (doc. 17) dated December 5, 2005 contains both factual and legal errors, and should be withdrawn or altered to grant the Motion to Dismiss in its entirety.  The Court disagrees.

**I.    Background.**

Plaintiff Brenda L. Morgan ("Morgan") initiated this action against defendant North Mississippi Medical Center, Inc. ("NMMC"), asserting claims for violation of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd ("EMTALA") and outrage. Plaintiff's claims arise from NMMC's allegedly improper handling of patient Thomas Henry Morgan, Sr. ("Mr. Morgan"), who was suffering from untreated emergency medical conditions at the time of his discharge.  Within hours after a lengthy ambulance ride from the NMMC facility (the "Hospital") in Tupelo, Mississippi to his home in Foley, Alabama, Mr. Morgan died, allegedly from those untreated conditions.  Morgan maintains that NMMC's act of transferring Mr. Morgan despite his grave medical condition was tantamount to patient dumping, in violation of both the screening and the stabilization requirements of EMTALA, and was outrageous under Alabama law.

In response, NMMC filed a Motion to Dismiss in which it asserted that personal jurisdiction was lacking in this forum, that venue does not properly lie in this District Court, and

that the EMTALA causes of action are not viable, as a matter of law.  The December 5 Order addressed all of these asserted grounds for dismissal in detail.  By way of summary, that Order concluded that exercise of personal jurisdiction over NMMC was proper pursuant to principles of specific jurisdiction, that venue in this district was proper pursuant to 28 U.S.C. § 1391(b)(2), that Morgan's EMTALA screening requirement claim failed to state a claim upon which relief can be granted, and that Morgan's EMTALA stabilization requirement claim did state an actionable claim.

Defendant now comes forward with a Motion to Reconsider.  Defendant does not challenge the personal jurisdiction or venue rulings, nor does it express dissatisfaction with the EMTALA screening claim ruling that was favorable to it.  Instead, NMMC insists that the Court's EMTALA stabilization claim ruling was incorrect because plaintiff did not plead a subterfuge theory of liability and the Court failed to consider the applicable regulation.[1]

**II.    Analysis.**

   *A.    Reconsideration is Not Appropriate Here.*

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly."  *Gougler v. Sirius Products, Inc.*, 370 F. Supp.2d 1185, 1189 (S.D. Ala. 2005); *see also United States v. Bailey*, 288 F. Supp.2d 1261, 1267 (M.D. Fla. 2003); *Spellman v. Haley*, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling").  As a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice."  *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F. Supp.2d 1350, 1355 (M.D. Ala. 2003); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.").  The grant or denial of a motion to reconsider is left to the discretion of the district

---

[1] As an aside, the Court notes that NMMC's contention that "this Court erred by denying Defendant's Motion to Dismiss in its entirety" (Motion to Reconsider, at 1) is factually incorrect.  The December 5 Order did not deny the Motion to Dismiss in its entirety, but rather granted it in part and denied it in part, as explained *supra*.

court.  *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000).

Careful review of defendant's Motion to Reconsider shows that its arguments fall into two categories.  First, NMMC reiterates and renews contentions that were previously raised and rejected in litigating the Motion to Dismiss.[2]  The law is clear, however, that "motions to reconsider are not a platform to relitigate arguments previously considered and rejected." *Gougler*, 370 F. Supp.2d at 1189 n.1; *see also Lazo v. Washington Mutual Bank*, 2001 WL 577029, *1 (9th Cir. May 29, 2001) (motion to reconsider is properly denied where movant merely reiterates meritless arguments); *American Marietta Corp. v. Essroc Cement Corp.*, 2003 WL 463493, *3 (6th Cir. Feb. 19, 2003) (similar).   To the extent, then, that NMMC would utilize its Motion to Reconsider as a vehicle to rehash arguments previously considered and rejected, it is due to be denied.

Second, NMMC's Motion posits several brand-new arguments that could have been, but were not, raised in its initial rounds of briefing.  In particular, defendant asserts that the Complaint fails adequately to state a subterfuge theory of liability, that the Hospital's inquiry about financial arrangements was proper and must not be "second guessed," that the denial of an MRI to Mr. Morgan is not probative of an EMTALA violation because Mr. Morgan refused the treatment, and that Mr. Morgan's discharge was precipitated by his request to be sent home.  It is well established in this circuit that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Gougler*, 370 F. Supp.2d at 1189; *see also Rossi v. Troy State University*, 330 F. Supp.2d 1240, 1249 (M.D. Ala. 2002) (denying motion to reconsider where plaintiff failed to submit evidence in question prior to entry of order and failed to show good cause why he could not have done so).  Furthermore, the Eleventh Circuit has declared that "a motion to reconsider should not be used by the parties to set forth new theories of law."  *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997); *see also Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F. Supp.2d 1228, 1234 (M.D. Ala. 2004) (relying on *Mays* to deny motion to reconsider where movant

---

[2]     For instance, NMMC maintains that Morgan's EMTALA stabilization claim is precluded by operation of 42 C.F.R. § 489.24(d)(2). (Motion to Reconsider, at 5-6.)  The December 5 Order expressly responded to NMMC's invocation of § 489.24(d)(2) and explained why that regulation favored denial of the Motion to Dismiss.

advanced several new arguments); *Coppage v. U.S. Postal Service*, 129 F. Supp.2d 1378, 1379-81 (M.D. Ga. 2001) (similar). That being precisely what NMMC is attempting to achieve, reconsideration is not warranted on that basis.[3]

For all of these reasons, the undersigned is of the opinion that reconsideration is inappropriate, duplicative and an inefficient use of judicial resources under the circumstances presented here. Accordingly, the Motion to Reconsider is **denied**.

### B. *The December 5 Order Was Not Erroneous.*

Even if reconsideration were proper here, the December 5 Order would remain unaffected by NMMC's assignments of error. As an initial matter, defendant argues that the Complaint cannot support a subterfuge theory of liability. (Motion to Reconsider, at 1-3.) The December 5 Order sets forth in detail the Court's reasoning for why a fair reading of the Complaint could support a reasonable inference that NMMC had actual knowledge of Mr. Morgan's emergency medical condition, that it admitted Mr. Morgan as a patient without ever intending to provide him stabilizing care, and that it discharged him without providing such medical treatment of his emergency medical conditions as was necessary to assure, within reasonable medical probability, that no material deterioration of his condition was likely to result from his transfer from the Hospital. (December 5 Order, at 18-19.) The Court understands that NMMC disagrees with this reasoning, but its arguments to the contrary are unpersuasive.[4]

---

[3] To the extent that NMMC would posit that it did not invoke the subertuge argument because it had no reason to believe that its good faith was at issue in this case, such a contention is undermined by its own Motion to Reconsider. In that Motion, NMMC highlights a section of its reply brief in which it alleged that it had admitted Mr. Morgan "in good faith." (Motion to Reconsider, at 6 n.11.) If NMMC was sufficiently on notice that good faith was at issue to make that representation in briefing the Motion to Dismiss, then surely it could have developed its newly-presented subterfuge argument at that time too, rather than awaiting a Motion to Reconsider.

[4] For example, NMMC objects to the Court's suggestion that "the Hospital demanded that she make financial arrangements to pay for her husband's treatment immediately after his arrival at the emergency department" (December 5 Order, at 19), inasmuch as the Complaint alleged that the Hospital made such demands immediately after her arrival. This is a distinction without a difference for purposes of the inferences raised. Either way, Morgan has alleged that Hospital officials immediately interrogated her about ability to pay, at which time they learned that Mr. Morgan lacked health insurance. The same day that they received that

NMMC's argument as to the sufficiency of the Complaint to establish a subterfuge theory of liability is predicated in large part on copies of Hospital records attached to its Motion to Reconsider as an exhibit. Defendant asserts that those records prove that Mr. Morgan refused an MRI before his discharge, that federal regulations exonerate it from liability for failure to treat him in that regard, and that Morgan requested to be sent home. (December 5 Order, at 3-4.) This critique of the December 5 Order suffers from two critical defects. First, defendant never submitted the records in briefing the Motion to Dismiss, although it certainly could have done so. Second, and more fundamentally, the Court could not have considered those records (which were clearly outside the pleadings) on a Rule 12(b)(6) motion, but would have instead had to convert NMMC's filing into a motion for summary judgment and allow supplementation of the record by all parties. *See* Rule 12(b), Fed.R.Civ.P. Simply put, NMMC assigns error to the December 5 Order based on documents that it failed to present, and that the Court could not have considered in the context of the very narrow Rule 12(b)(6) review sought by NMMC. This is not a valid basis for altering the December 5 Order.

The final assignment of error presented in the Motion to Reconsider is that the December 5 Order allegedly "did not address the applicable federal regulation governing treatment of emergency medical conditions." (Motion to Reconsider, at 5.) NMMC is incorrect. In point of fact, the December 5 Order quoted 42 C.F.R. § 489.24(d)(2)(i) and set forth the Court's interpretation of same as being that "admission of a patient cuts off a hospital's stabilization duty under EMTALA only if that patient has been admitted in good faith." (December 5 Order, at 18 n.14.) This reading of § 489.24(d)(2)(i) bolstered and reinforced the Court's detailed analysis of case law interpreting and applying the EMTALA stabilization requirement. Because the

---

information, the Complaint alleges, NMMC announced its intent to discharge Mr. Morgan the next day despite actual knowledge of his various emergency health conditions. Such allegations plainly can support a subterfuge basis for EMTALA stabilization liability. Additionally, defendant protests that federal regulations authorized it to inquire of Morgan as to ability to pay, and that it "should not be second guessed" for doing so. (Motion to Reconsider, at 2-3.) A plain reading of the Complaint shows that Morgan is, in fact, second-guessing the legitimacy of the Hospital's actions in that regard. That there may have been a legally proper basis for this conduct does not negate the possibility that the Hospital may have been motivated by unlawful considerations. Such competing inferences defy resolution at the Rule 12(b)(6) stage.

Complaint reasonably supports an inference that the Hospital did not admit Mr. Morgan in good faith, § 489.24(d)(2)(i) in no way favored dismissal of the Complaint at the Rule 12(b)(6) stage.

## III. Conclusion.

For all of the foregoing reasons, the Motion to Reconsider is **denied**.

DONE and ORDERED this 30th day of December, 2005.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE
